FILED
SUPERIOR COURT
OF GUAM

2018 APR -5 PM 1:55

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,                    )    CRIMINAL CASE NO. CF0718-17
                                   )
            v.                     )
                                   )    DECISION AND ORDER DENYING
JOSEPH NICHOLAS SAGDAL,            )    DEFENDANT'S MOTION TO MODIFY
DOB: 06/16/1993                    )    CONDITIONS OF RELEASE
                                   )
            DEFENDANT.             )
                                   )

## Introduction

This matter came before the Honorable Maria T. Cenzon on January 23, February 27, and March 13, 2018 for a hearing on Defendant Joseph Nicholas Sagdal's ("Defendant") Motion to Modify Conditions of Release[1]. Defendant was present and represented by Attorney David Lujan of Lujan & Wolff, LLP. The People of Guam were represented by Assistant Attorneys General Jeremy S. Kemper and Terry VanEaton. Having reviewed the pleadings, parties' oral arguments, record, and relevant law, the Court hereby **DENIES** Defendant's Motion to Modify Conditions of Release.

## Background

Defendant was indicted of the following charges: 1) AGGRAVATED MURDER (as a First Degree Felony) Two Counts, with a Special Allegation of possession or use of a deadly weapon in the commission of a Felony; 2) MURDER (as a First Degree Felony) Two Counts, with a Special Allegation of possession or use of a deadly weapon in the commission of a Felony; 3) MANSLAUGHTER (as a First Degree Felony) Two Counts, with a Special

---

[1] For clarity purposes, the Court has categorized Defendant's Motion to: 1) Motion for Release on his own recognizance, 2) Motion to lower bail amount, and 3) Motion to accept property in lieu of cash bond.

Allegation of possession or use of a deadly weapon in the commission of a Felony, and 4) RECKLESS CONDUCT (as a Misdemeanor), Two Counts. (Indictment, Dec. 29, 2017).

These charges arise out of an incident on December 17, 2017 where Defendant is alleged to have pursued a vehicle on Route 16 and used his gun to shoot at another vehicle. After purportedly shooting at the vehicle, Defendant allegedly continued to actively pursue the vehicle, including making a U-turn, and stopping in the middle of Route 16 before firing more shots at the vehicle. Two individuals, identified as Brokey Thamaso and A.M., were found dead at the purported scene of the incident after having "succumbed to their wounds." (Decl. of Jeremy Kepmer, Magistrate's Complaint, Dec. 19, 2017). The Declaration in support of the Magistrate's Complaint indicates that "[a]fter having been advised of his *Miranda* rights, the Defendant, who works as a shooting instructor, wrote in his statement 'I felt as though I shouldn't have used by gun in this situation, but I was afraid for my life. I regret not resolving this another way." (Id.). On December 19, 2017, Defendant appeared before Magistrate Judge Benjamin Sison Jr., who set his bail set at $500,000.00.

On January 11, 2018, Defendant filed his Motion to Modify Conditions of Release requesting the following relief from this Court: for release on his own recognizance, as provided in 8 GCA § 40.15; or, in the alternative, to modify the current conditions to "some reasonable set of conditions permitted in accordance with 8 GCA § 40.20." (*Mot. To Modify Cond. Of Release* at p. 1 (Jan. 11, 2018)). If the Court were inclined to deny the motion to release on his own recognizance, in lieu of the $500,000 cash bail set by the magistrate judge, Defendant proffered Lot 15 New 1-R1, Yigo ("Lot 15 New") which Defense Counsel valued at $400,000.00,[2] but which the Court later determined secures a mortgage with a purported remaining balance of

---

[2] At the hearing, without any supporting legal authority, Defendant suggested the Court multiply the value of the property times four (4), as what is the alleged practice in probate cases. The Court, however, finds no basis in law or under the circumstances which warrants applying a multiplier in determining the value of property offered to secure a criminal defendant's release in lieu of cash bail.

$95,784.49.[3] (Id. at p. 3). The People opposed the motion as set forth in the People's Response and Opposition to the Defendant's Motion to Modify Conditions of Release.

On January 23, 2018, the Court initially heard oral argument on the instant motion and, based on the submissions of counsel, orally **DENIED DEFENDANT'S MOTION FOR RELEASE ON RECOGNIZANCE UNDER 8 GCA § 40.15.** The Court, however, reserved its ruling on Defendant's MOTION TO MODIFY CONDITIONS OF RELEASE UNDER 8 GCA § 40.20 relating to the offer of real property to secure Defendant's appearance, subject to the review of the encumbrance report by the Court.[4] The Court also ordered the Adult Probation Office to conduct an interview with the potential Third Party Custodians ("TPC") to determine appropriateness in the event of Defendant's release.[5] Defendant was also permitted additional time to file supplemental information ordered by the Court regarding the property, specifically, title reports and any consents from Mortgagees or security interest holders in the property offered as security. A continued motion hearing was scheduled for February 27, 2018.

On January 30, 2018, Defendant filed a Submission of Broker's Opinion wherein the value of Lot 15 New was assessed at $220,000.00, not $440,000.00, as previously represented by counsel.[6] In addition, Defendant filed a Submission of Ownership and Encumbrance Report (or, title report) indicating that a debt of $122,448.00 is secured with a mortgage on Lot 15 NEW in favor of Citibank (Mortgagee), ostensibly further reducing the value of Lot 15 NEW for the purpose of securing bail by the amount of such debt.

On February 23, 2018, Defendant also filed a Submission of Appraisals[7] adding a second property to secure the Defendant's release: Lot No. 7037-3-5-4, Yigo ("Lot No. 7037"), with an appraised value of $205,000.00. However, Defendant did not file a title report for Lot No. 7037, and the Court is without information as to any encumbrances upon the Property. The submission

---

[3] The remaining balance was later clarified through the Title Report, indicating a $122,448 secured mortgage on Lot 15 New.
[4] Minute Entry on Motion to Modify Release Conditions at 10:28:26 (Jan. 23, 2018).
[5] The Court received the TPC Interview reports on February 27, 2018.
[6] The Broker's Opinion was conducted by Paul Ulloa of Pacific Ream Realty.
[7] The appraisals were conducted by Gregorio Espiritu of Micronesian Appraisal Associates.

also included an Appraisal of Lot 15 New with the value of $170,000.00, which is $50,000.00 *less than* the amount opined by the Broker. Thus, the Court finds that the true "value" of Lot 15 NEW after accounting for the Mortgage is **$47,552.00**.

On February 27, 2018, Defendant appeared with Attorney Gloria Rudolph of Lujan & Wolff, LLP and requested a continuance due to the unavailability of Attorney David Lujan on that date. Although the Court granted the continuance, the Court reminded Defense Counsel to submit the appropriate documents as identified during the previous hearings; specifically, the Court required that Defendant submit information indicating any security interests in or encumbrances upon the property which would affect its value or the Court's lien on the property. The Court also required Defendant to obtain consents from any mortgage or security holders to the use of the property as security for the release of the Defendant. The matter was continued to March 13, 2018.

On March 13, 2018, Defendant appeared once again for a continued motion hearing and the Court reminded Defendant that it should submit the appropriate documents necessary for the Court to make a determination whether the property would satisfy the bail amount required. The Court permitted Defendant an additional ten (10) days to file the necessary documents.

On March 15, 2018, Defendant filed a Submission of Concurrence to use Lot No. 7037 to secure a legal bond signed by Mr. Joseph M. Diego of the U.S. Department of Agriculture ("USDA"), Rural Development. The submission also identifies a balance of $24,926.38 on Lot No. 7037 for a recapture receivable account with the USDA.

As of the date of this Decision, Defendant still has not filed the ordered documents with the Court to enable it to determine whether the real property offered is sufficient to satisfy the $500,000.00 bail amount, in particular: (1) Concurrence from the Mortgagee of Lot 15 New to the use of this lot to secure a legal bond, and (2) an Ownership and Encumbrance Report for Lot No. 7037. More importantly, however, Defendant has failed to demonstrate that the amount of these properties combined satisfies the $500,000.00 bail requirement.

## Law

Title 8, Guam Code Annotated, Section 40.10 provides that "every person charged with an offense shall be ordered released pending trial in the manner and subject to the conditions provided by §§ 40.15 and 40.20." 8 GCA § 40.10. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11. A judge will not abuse its discretion in imposing bail and denying a Defendant's motion for release, so long as the Judge issues a decision detailing reasons for continuing the bail conditions as originally set. *People v. Bruneman*, 1996 Guam 3.

### A. Release on his own Recognizance under Section 40.15

Section 40.15 (b) requires as follows: "The judge shall order the person charged to be released on recognizance, *unless the judge determines*, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 GCA §40.15(b)(emphasis added). The law identifies several factors in making such a determination, which includes:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) the history and characteristics of the person charged, including:
  (i) length of his/her residence on Guam;
  (ii) his/her employment status and history, and financial condition;
  (iii) his/her family ties and relationships;
  (iv) his/her reputation, character and mental and physical condition;
  (v) his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;
  (vi) his/her history relating to drug or alcohol abuse;
  (vii) the identity of the reasonable members of the community who will vouch for his/her reliability;
  (viii) whether, at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and,
  (ix) his/her history of compliance with other Court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual members thereof if released.

*Id.* § 40.15(c).

## B. Setting Least Onerous Conditions under Section 40.20

If a Court finds that a release on his own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 GCA § 40.20. These conditions include:

(a) Placement of the person in the custody of a designated person or organization agreeing to supervise him/her and to assist him/her in appearing in Court;

(b) Placement of restrictions on the activities, movements, associations and residence of the person;

(c) Execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(d) Release of the person during working hours, but with the condition that he/she return to custody at specified times; or

(e) Any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

*Id.* § 40.20. Under this section, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and safety of any other person and the community.

### 1. Modifying Bail Amount Requirement

"A detainee's inability to post bail does not inherently make bail excessive. " *Guam v. Tuncap*, 2011 Guam 24, ¶ 12 (citing *People v. Bruneman*, 1996 Guam 3). The Guam Supreme Court has adopted the test for excessiveness of bail from several jurisdictions in *People v. Bruneman*, 1996 Guam 3. "The test for excessiveness of bail is not whether a defendant is financially able to satisfy the requirement, *United States v. McConnell*, 842 F.2d 105, 107 (5th Cir.1988); *United States v. Beaman*, 631 F.2d 85, 86 (6th Cir.1980), but whether **bail is set at an amount higher than reasonably calculated to assure the presence of the accused.**" *People v. Bruneman*, 1996 Guam 3 (citing *U.S. v. Salerno*, 481 U.S. 739, 752 (1987); *Stack v. Boyle*, 342 U.S. 1, 5, 72 S.Ct. 1, 96 L.Ed. 3 (1951)) (emphasis in original).

## 2. Requiring Additional Information

It is within the discretion of the Superior Court to determine the value of the property being offered to secure a Defendant's release. *Guam v. Tuncap*, 2011 Guam 24, ¶ 13 (citing 8 GCA § 40.20(c)). The Guam Supreme Court affirmed the Superior Court's decision to require additional information regarding the status of property, specifically requiring an environmental impact evaluation. *Id.* ¶ 19. *Tuncap* recognizes *U.S. v. Frazier* wherein a "requirement that property used to secure defendant's appearance bond be unencumbered was improper under Bail Reform Act, where there was no determination that such condition was reasonably necessary to ensure appearance at trial." Id. at ¶ 9 (citing *United States v. Frazier*, 772 F.2d 1451 (9th Cir. 1985)). In *Frazier*, however, the equity in the real property suggested exceeded the amount of the bond required. *Id.* at 1452. Primarily, it was the lower court's decision to require that the property suggested be unencumbered that the Court of Appeals found problematic. In this instance, the Court has not required that the properties be unencumbered, but that the equity in the property, if any, be equal to the amount of the $500,000 bail. Additionally, it is within the Court's discretion to require that any priority lienholders assent or agree to the pledge of the subject properties to the Court to secure Defendant's release.

## Discussion

### A. Court properly denied Defendant's Motion for release on his own recognizance under Section 40.15

In support of his motion, Defendant relies heavily on his history and characteristics. Defendant specifically relies on his lack of a prior criminal record and proffers that the incident is not likely to repeat itself if Defendant is on pre-trial release with conditions. In addition, Defendant also contends that "he should not be considered a flight risk or danger to the community" since his actions subsequent to the incident demonstrate his cooperation with authorities. (Mot. to Modify Conditions of Release, at p. 2).

The People, on the other hand, contend that other factors weigh in favor of denying Defendant's Motion since the likelihood of conviction is high and the severity of the offense can

be no greater. (People's Opp., at p. 3, Jan. 19, 2018). Further, that Defendant "has already shown a willingness to take the law into his own hands through the use of excessive and illegal force causing the death of two people and putting countless other passersby in danger as well" supports a finding that the Defendant should not be released absent satisfying the cash bail requirement. (*Id.* at p. 5).

The Court agrees with the People's contentions and, considering the significant factors set forth in Section 40.15(c), including, in particular, the nature of the offense charged, the apparent possibility of conviction and the likely sentence, the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released, and any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual members thereof if released, based upon the averments in the Indictment and Magistrate Complaint along with the Declaration of Probable Cause, the Court is greatly concerned with the safety of the community and any remedy available to the Court should the Defendant violate any terms of his pre-trial release if he were released without the risk of forfeiting a bond or bail. Accordingly, the Court DENIES DEFENDANT'S MOTION FOR RELEASE ON HIS OWN RECOGNIZANCE.

**B. Court properly denied Defendant's Motion to Modify Conditions of release under Section 40.20**

1. Bail amount is not excessive

Although Defendant has not expressly indicated, the Court finds his request to merely accept the value of the properties as a request to lower the bail amount. However, Defendant has not once indicated or argued that the bail set by the Magistrate Judge was excessive or unconstitutional. Notwithstanding such argument, or lack thereof, the Court finds the record is completely devoid of any evidence that the cash bail amount of $500,000.00 under the circumstances is excessive or unconstitutional, and, as the moving party, the Defendant has the burden of establishing that such bail is excessive or unconstitutional. Having failed to present any evidentiary support that the amount of bail is excessive or unconstitutional, the Court

hereby DENIES DEFENDANT'S MOTION TO DECREASE THE BAIL AMOUNT SET BY THE MAGISTRATE JUDGE.

### 2. Requiring additional documents to determine the value of the properties is within the Court's discretion

The facts of this case are distinguishable from *Frazier*, supra, because the conditions set in this case are necessary to assist the Court in ensuring Defendant's appearance. Unlike in *Frazier*, this Court is not denying Defendant's motion merely because the properties are encumbered. Rather, the Court is requiring 1) a title report for Lot No. 7037 in order to determine whether the Court or another third party would have a superior lien on the property and the amount of any such lien in order to determine equity in the properties, and 2) an approval or concurrence by Mortgagee, Citibank, to use Lot 15 New to secure a legal bond. Additionally, requiring an approval or concurrence for Lot 15 New is necessary to ensure that proper notice was given to the Mortgagee, Citibank. Without satisfying these conditions the Court will not accept the two properties to secure Defendant's bond.

Further distinguishing *Frazier* from the case at bar, the value of the properties proffered in this case does not satisfy the bail amount of $500,000.00. Even if the Court accepts the two properties for their appraised value, that of $390,000.00[8] (without deducting the value of the amounts securing Mortgages), Defendant still fails to satisfy the bail requirement amount of $500,000.00, as the Court finds that there is not sufficient equity in the properties. Accordingly, the Court hereby DENIES DEFENDANT'S MOTION TO ACCEPT THE TWO PROPERTIES IN LIEU OF CASH BOND.

### Conclusion

For the reasons set forth above, the Court hereby DENIES 1) Defendant's Motion for Release on his own recognizance, 2) Defendant's Motion to lower the bail amount, and 3)

---

[8] Lot 15 New appraised at $170,000 and Lot No. 7037 appraised at $220,000.

Motion to accept Lot 15 New and Lot No. 7037 in lieu of the $500,000.00 cash bond requirement.

A further proceeding on the forensic evaluation is scheduled for _____ at ___.

**MAY 01 2018** 2PM

**SO ORDERED** this _____ **APR 05 2018**

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:

Date: 4/5/18  Time: 2

Deputy Clerk, Superior Court of Guam